United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30504
Summary Calendar

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KREGLAN DEWAYNE GAINES,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Middle District of Louisiana
(3:03-CR-132-2-B)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kreglan Dewayne Gaines pleaded guilty to one count of conspiracy to distribute, and to possess with intent to distribute, more than five kilograms of cocaine and one count of conspiracy to launder monetary instruments. He was sentenced, *inter alia*, to 420 months in prison. Gaines contends the district court erroneously based his sentence on facts neither admitted by him nor found by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the jury.  Our review is only for plain error because he failed to object on this basis in district court.

To establish plain error, Gaines must show a "clear" or "obvious" error affected his substantial rights.  *E.g.,* **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004).  Even then, we retain discretion to correct plain error; we will generally do so only if the error "affects the fairness, integrity, or public reputation of judicial proceedings". *Id*.  The district court committed a clear or obvious error by sentencing him pursuant to a mandatory application of the Sentencing Guidelines and basing his sentence upon facts neither admitted by him nor found by the jury.  *See* **United States v. Mares**, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).  Nevertheless, Gaines does not show he likely would have received a more lenient sentence if the district court had acted under an advisory sentencing scheme.  *See id*. at 521.  Therefore, he has not shown the error affected his substantial rights.  *See id*.

**AFFIRMED**